UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XENGXAI YANG,

      Petitioner,

  v.                              Case No. 21-C-1281

UNITED STATES OF AMERICA,

      Respondent.

## SCREENING ORDER

Xengxai Yang was found guilty of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (B)(i) (Count Two); and unlawful possession of a firearm, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871 (Count Three). On February 5, 2021, the Court imposed a sentence of 48 months as to Counts One and Three and 120 months as to Count Two, which was ordered to run consecutive to Counts One and Three, for a total of 168 months imprisonment and a total of five years of supervised release. Judgment was entered on the same day. Yang did not pursue a direct appeal but now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Cases, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

Yang asserts as a ground for relief that he was denied his Sixth Amendment right to counsel. More specifically, he claims that counsel did not discuss the options he could have pursued, including hiring an additional doctor to review his doctor's report or entering into the plea deal that was offered. The Court is unable to determine from its review of Yang's motion whether he is entitled to relief. Accordingly, the government is directed to file a response to the motion within 30 days of the date of this order. The government's response should include a statement of its position as to whether an evidentiary hearing is required.

Yang also requests that the Court appoint counsel. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989). Under 18 U.S.C. § 3006A, a district court should appoint counsel for persons who are financially eligible "if the interests of justice so require." In deciding whether to appoint counsel, the court should consider

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). Here, the difficulty of the case does not exceed Yang's ability to litigate his claim. In short, the appointment of counsel is not necessary to serve the interests of justice. Although Rule 8(c) of the Rules Governing § 2255 Proceedings require that counsel be appointed when an evidentiary hearing is required, the Court has not yet concluded that an evidentiary hearing is necessary. Accordingly, Yang's request to appoint counsel is denied.

**IT IS THEREFORE ORDERED** that the government file a response to the motion within 30 days of the date of this order. The government's response should include a statement of its position as to whether an evidentiary hearing is required.

**IT IS FURTHER ORDERED** that Yang's request to appoint counsel is **DENIED**.

Dated at Green Bay, Wisconsin this 9th day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
